In The United States District Court
For The District Of Delaware

James W. Riley,
　　Petitioner,

v.

Thomas Carroll,
Warden,
　　Respondent,

ORIGINAL

FILED
MAR - 3 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Civil Action No. 04-1435-GMS

## Petitioner's Motion To Conduct Evidentiary Hearing And To Enter Default For Failure Of Respondent To Answer

Now comes the pro se petitioner James Riley who respectfully request that this Honorable Court conduct Evidentiary Hearing and Enter Default against the Respondent for Failing to File timely Answer to petitioner's Habeas Petition. In support of this motion, petitioner state the following:

In petitioner Riley's habeas petition he requested an evidentiary hearing on the issue of trial counsel's conflict of interest and whether counsel possessed accurate knowledge beyond a reasonable doubt before wrongfully determining that petitioner would allegedly testify falsely at trial. (See Ground Four of Habeas Petition).

1

2. On December 9, 2004, this District Court issued an Order directing the State-Respondent to file a response to petitioner's habeas petition within 45-days. As of to date some 70-days has elapsed since issuance of the Court's Order and the Respondent has not filed an Answer or moved for Enlargement of Time in which to respond hereto. The Court should enter default judgment against Respondent and grant petitioner Riley's Writ of Habeas Corpus. Or at the very least the Court shall not delay conducting an evidentiary hearing as requested in the original habeas petition.

3. Petitioner allege in Ground Four of his habeas petition that no State Court who reviewed the two issues ever conducted the constitutionally required inquiries into the "Conflict of interest" and whether "trial counsel possessed accurate knowledge beyond a reasonable doubt to support the incriminating claims that petitioner will present a false alibi and offer perjure testimony in support of false alibi." See, Shockley v. State, 565 A.2d 1373, 1379 (Del. Supr. 1989) (Quoting United States ex rel. Wilcox v. Johnson, 555 F.2d 115, 122 (3rd. Cir. 1977)) (Attorney needs a "firm factual basis" for determining whether his client will perjure himself) and also, see, Government of Virgin Islands

v. Zepp, 748 F.2d 125, 133-34 (3rd. Cir. 1984), holding that the ..."Court recognizes an important countervailing policy of not penalizing the accused for the failure of its attorney to object at trial ... where there is a claim of attorney conflict of interest. (citation omitted). To do so would make sense only if we accept the proposition that the responsibility for protecting against conflicts of interests rests entirely upon the accused. Id. Thus, where an objection has been properly made at trial, or, where the record clearly show actual conflict of interest and objections made at trial did or should have put the trial court on notice that potential conflict of interest existed, this court's preference for developing such on collateral attack need not be followed, and a full consideration of the issue is appropriate. Id.

4. As a direct result of trial counsel's and State Judicial Officials' misconduct which violate petitioner's civil and constitutional rights, the petitioner was forced to represent himself during trial in order to protect his 5th, 6th, 8th and 14th Amendment rights against self-incrimination, to impartial jury selection and fair sentencing where the death penalty could have been recommended by the jury. Due Process was never afforded!

3

5. As a continuing result of this Judicial Misconduct, the petitioner was denied the most fundamental constitutional rights provided in every trial proceeding – i.e, the constitutional rights to conflict-free counsel; the right to be represented by competent counsel at every stage of the trial proceedings, the right to present an alibi and testify in his own defense and right against self-incrimination because trial counsel revealed this false incriminating information to several other judicial officials about petitioner's intention to testify falsely and present a bogus alibi defense.

6. Trial counsel manufactured false evidence and altered attorney/client confidential privileged information in petitioner's case files to incriminate and threaten petitioner that if he exercised any of the above fundamental constitutional rights to a fair re-trial ordered by the issuance of a writ of Habeas Corpus by this district court, the Honorable Sue Robinson (D. Del. C.A. No. 91-438-SLR ORDER May 23, 2002), then counsel vowed that he will reveal the incriminating information to the court and prosecution in open court with the media present prior to jury selection and sequestration. If this incriminating inaccurate information had been revealed to any potential juror prior to jury selection then

4

the entire jury venire would have been biased against petitioner. So petitioner was forced to represent himself at trial to prevent conflicting trial counsel from incriminating him and subjecting him to a possible re-sentence of death.

7. Clearly, petitioner never received the re-trial within the constitutional directions of the Habeas Order. The State Court's actions on re-trial and direct appeal blatantly demonstrate a continuing racist attitude (which is nothing more but a high-Tech-Lynching) that they will never respect petitioner's rights as a Black Man accused of killing a well known white business man. Petitioner even proved that the State's witnesses' lied about his involvement in the robbery and murder and that the police falsified the fingerprint evidence which placed him at the scene of the crime.

8. The State Courts' actions are also a form of retribution for the Third Circuit Court's decision, ruling that the State of Delaware did in fact discriminate against black people in the jury selection process and that its laws on the discriminatory practice were unconstitutional. See, Riley v. Taylor, 277 F.3d 261 (3d. Cir. 2001).

9. In Townsend v. Sain, 372 U.S. 293, 83 S.Ct 745, 9 L.Ed.2d 770 (1963), the United State Supreme Court recognized that district courts had plenary authority to conduct evidentiary hearings (entirely) in their discretion, constrained only by those six occasions in which a hearing was required. See, Cristin v. Brennan, 281 F.3d 404, 414 (3d. Cir. 2002); Townsend, at 313, 83 S.Ct. 745. Under Townsend, an evidentiary hearing was mandatory:

> [I]F (1) The merits of the factual dispute were not resolved in the state hearing; (2) The state factual determination is not fairly supported by the record as a whole; (3) The fact finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) There is a substantial allegation of newly discovered evidence; (5) The material facts were not adequately developed at the state-court hearing; or (6) For any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

(Townsend, Id.; Cristin, at 414 n.9).

10. For the exception of reason number 4 of Townsend's 6-mandatory factors for granting of an evidentiary hearing the contemporaneous records, facts, issues, pleadings in the state courts in the Appendix to petitioner's habeas petition in support for the Grounds for relief therein meet the prerequisite requirements of all other aspects of numbers 1, 2, 3, 5 and 6 of Townsend. The State of Delaware and petitioner's

6

trial counsel cannot find one tittle of law to support or justify the racism and injustice they perpetuated against petitioner. Their misconduct is criminal and in violation of petitioner's civil liberties prohibiting racial discrimination.

Wherefore, for the cause shown above, the Court shall not delay conducting an evidentiary hearing and because Respondent defaulted any right to oppose this request by their failure to file an Answer within the 45-days time period prescribed by this Honorable Court, hence judgment for the Petitioner shall be entered.

Respectfully submitted,

James W. Riley

James W. Riley, pro se
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Date: March 1, 2005

7

# Certificate of Service

I, __James Riley__, hereby certify that I have served a true and correct cop(ies) of the attached: __Motion For Evidentiary Hearing and Default Judgment__ upon the following parties/person (s):

TO: __Loren Meyers, Esq.__
__Chief Of Appeals Division__
__Deputy Attorney General__
__Department of Justice__
__820 N. French Street__
__Wilmington, Dela. 19801__

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this __1st__ day of __March__, 200__5__

_/s/ James Riley_