IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES W. RILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1435-GMS |
| | ) | |
| THOMAS CARROLL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

At Wilmington this 21st day of March, 2005;

IT IS ORDERED that:

1. Petitioner James W. Riley's request for default judgment is DENIED. (D.I. 8.) Whether a default judgment is even available in a habeas corpus proceeding is subject to debate. *See Lemons v. O'Sullivan,* 54 F.3d 357, 365 (7th Cir. 1995)("Default judgment is an extreme sanction that is disfavored in habeas corpus cases"); *Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir. 1990)("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir. 1987); *Allen v. Perini,* 424 F.2d 134, 138 (6th Cir. 1970). Regardless, the record indicates that the respondent never received a copy of the court's December 9, 2004 order to answer Riley's § 2254 petition. Thus, the respondent's failure to comply with the order does not warrant an entry of default. *See* Rule 5(a) of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 55.

2. The clerk of the court shall serve a copy of this order and a copy of the court's order

dated December 9, 2004 (D.I. 7.), along with the documents mentioned in the December 9, 2004 order, upon: (1) the above-named Warden of the facility in which petitioner is housed; and (2) the Attorney General of the State of Delaware.

    3.  The court will refrain from ruling on Riley's motion for an evidentiary hearing until the respondent has filed an answer to the § 2254 petition.  (D.I. 8.)

    4.  The clerk of the court shall send a copy of this order to Riley.


                /s/ Gregory M. Sleet
        UNITED STATES DISTRICT JUDGE