From: James W. Riley
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

To: Honorable Gregory Sleet
Justice Of U.S. District Court
Delaware District Court
844 King Street
Wilmington, Delaware 19801



June 27, 2005

Re: Riley v. Carroll, C.A.N. 04-1435-GMS
{ Petitioner's Opposition To Respondent's
Motion For Extension Of Time To File
Certified State Court Records }

Dear Judge Sleet,

    I write to advise the Court that on pages 9 and 10 of Respondent's Answer dated June 20, 2005, they accuse the petitioner of committing perjury and presentation of false alibi testimony.

    These are the same false allegations the petitioner's trial counsel made against him which forced petitioner to invoke his 6th amendment right to self representation after the trial judge refused to conduct the required state and federal constitutional inquiries into the conflict of interest of whether trial counsel

1

possessed "Accurated Knowledge beyond a reasonable doubt" that petitioner would commit perjury.

The standard applied to a defendant's request to represent him or her self is totally different from the two standards that must be applied to claims of an attorney's conflict of interest and whether an attorney possess knowledge beyond a reasonable doubt before accusing a client of perjury.

The respondent seem to argue to this court that because the trial court conducted an inquiry into the petitioner's competency to act as his own counsel during trial then there was no need to conduct any ex parte inquiry into the conflict of interest and inquiry into the validity of trial counsel accusing his client of perjury.

The respondent's arguments are totally absurd and in light of governing Federal constitutional laws on these three distinct issues the standard of Review courts must apply are deferent as well. (See the supporting case law cited in all petitioner's State Court pleadings contained in the "Exhibits To Petitioner's Habeas Petition".).

When reviewing the arguments contained in Respondent's Answer they point to no State Court trial transcripts or other records where the trial Judge conducted any inquiry into the

2

conflict of interest or any inquiry to determine whether trial counsel possessed knowledge beyond a reasonable doubt before wrongfully concluding that petitioner will commit perjury.

However the trial transcripts do adequately reflect that petitioner asked the trial court in a timely manner to conduct an ex parte hearing so he could explain in private the reason why a conflict of interest exist between he and his trial counsel; and present documentary evidence to show how the incriminating accusations were only not true, but themself false, and manufactured as a tool to force petitioner into accepting the prosecution's guilty plea agreement.

If the trial court had inspected this evidence, in camera, it would have been discovered that trial counsel's perjury accusations against petitioner were not accurate and at that point there would have been no reason for trial counsel to refuse to represent petitioner at every stage of the trial proceedings; nor would petitioner been forced to invoke his 6th Amendment right to represent himself.

But as the trial transcripts further reflect, the trial court accepted trial counsel's request not to conduct any ex parte inquiry in which petitioner strenuously objected to. (The transcripts referenced to herein are contained in the "Exhibits To Petitioner's Habeas Petition").

3

Now the Respondent base its arguments on documents and facts that were never reviewed by the State Courts due to the trial court's abuse of discretion in not conducting the prerequisite constitutional inquiries on conflict of interest issues.

Then the Respondent proceed to argue that this Court apply 28 U.S.C. § 2254(d)(1) & (2) standard of review to the State Courts' decisions. But how can this Court undertake such adequate review under these circumstances where no State Court ruling exist on the conflict of interest claims and the trial transcripts are completely devoid of any judgment at all? 1

Wherefore since the arguments contained in Respondent's Answer on conflict of interest issues does not make reference to any support in the trial

---

1. Respondent's other argument about the success the petitioner had in representing himself at trial and stand-by counsel's success at the penalty phase are totally without merit because petitioner was still convicted and sentenced to life imprisonment for capital murder. Based upon the evidence at trial, had petitioner been provided with conflict-free competent trial counsel it is a reasonable probability that the jury would have acquitted him of all charges.

4

transcripts or point to any other records of the state court proceedings then Respondent's Motion For Extension Of Time To File Certified State Court Records should be denied as a waste of time and irrelevant.[2]

As Judicial Officials the honorable thing for the Respondent to do is to concede to the obvious constitutional violations. And because no state court ever reviewed the conflict of interest claims timely presented to them, the application of 2254(d) does not apply here and this court must conduct it own Evidentiary Hearing to establish an adequate record for the Third Circuit Court of Appeals to apply 2254(d).

                                *James W. Riley*
                              James W. Riley, pro se
                              Delaware Correctional Center
                              Smyrna, Delaware 19977

cc:
Thomas E. Brown (DAG)

---

[2]. All of Respondent's other arguments about Petitioner's voluntarily decision not to testify at trial and decision not to present an alibi were made due to stand-by trial counsel conflict of interest and counsel's threats to reveal inaccurate incriminating attorney/client privileged information in open court. (In Support hereto, see pages 8-9 of Petitioner's Reply Brief Filed in the Delaware Supreme Court "Exhibit-B to Petitioner's Habeas Petition).



I/M James Riley
SBI# 166416   UNIT MHU, Bldg 21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
U.S. District Court
844 King Street
Wilmington, Dela
19801