IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES W. RILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1435-GMS |
| | ) | |
| THOMAS CARROLL, | ) | |
| Warden, and CARL C. | ) | |
| DANBERG, Attorney | ) | |
| General of the State of | ) | |
| Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

# ORDER

At Wilmington this 29th day of March, 2006;

IT IS ORDERED that:

Petitioner James W. Riley's motions for appointment of counsel are DENIED without prejudice to renew. (D.I. 10.; D.I. 20.) A habeas petitioner has no automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). However, the court may seek representation by counsel for a habeas petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel

may be provided when a court determines that the "interests of justice so require").

Here, Riley seeks representation by counsel "for the limited purpose of obtaining [his] entire case files [sic] from [his] stand-by trial counsel . . . who is presently in possession of them now." (D.I. 10; D.I. 20.) After reviewing Riley's motions, the state court record, and the documents filed in the instant proceeding, the court concludes that the "interests of justice" do not warrant representation by counsel at this time. Additionally, Riley's filings in the court indicate his ability to present his case. *Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). It also does not appear that expert testimony will be necessary.

UNITED STATES DISTRICT JUDGE