In The United States District Court
For The District Of Delaware

James W. Riley,
    Petitioner,

  v.

Thomas Carroll, et al.,
    Respondents.

C. A. No. 04-1435-GMS

FILED

APR - 7 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BO Scanned

Motion For Reconsideration Of
Motion For Appointment Of Counsel
And Motion For An Evidentiary
Hearing

This court issued Two ORDERS dated March 29, 2006, denying petitioner's Motion For Appointment Of Counsel (D.I.#22) and Motion For An Evidentiary Hearing (D.I.#21).

For the good reasons shown below, this court shall reconsider granting petitioner's requests.

a.  The Denial Of Appointment Of
Counsel

The Court's order denying Appointment Of counsel is wrong And must be reconsidered And granted. The petitioner's trial Counsel Altered Attorney/Client privilege information contained in petitioner's case File. Then trial counsel proceeded to use the False Altered information

1

to coerce petitioner into accepting the State's guilty plea
agreement to a sentence of natural life in prison. When
petitioner refused to accept the plea offer, trial counsel then
proceeded to threaten petitioner that if he testify at trial in
support of his alibi defense of being elsewhere other than
the scene of the crime then trial counsel will reveal to the
trial court and prosecution that petitioner's alibi is false
and that he will have to withdraw as counsel. At that point
a conflict of interest existed and petitioner motion the
trial court to excuse his counsel and invoked his 6th
Amendment right to represent himself. Because trial counsel
altered documents in petitioner's case files to incriminate
him good cause is shown for this court to grant petitioner's
motion for appointment of counsel for the limited purpose
of obtaining petitioner's entire case files in the possession
of present conflict counsel and retaining those files
until further notice of this court.

   This court need to find out what documents counsel
altered and destroyed. This evidence is relevant and
material to all petitioner's issues before this court.

   If this court refuse to grant this request then
any adverse ruling will be immediately appealed to the
Third Circuit Court of Appeals.

   The petitioner can't believe this court (an African
American Judge) is condoning the blatant racism that
was done to him by the white racist judges and attorneys
in Delaware Superior, Supreme and District courts.

b. The Denial Of An Evidentiary Hearing

The denial of an evidentiary hearing under the circumstances is equally appalling and the ruling is not clear on what the law requires. By its ruling is this court implying that when a trial counsel accuse his or her client with perjury that the trial court or appellate court has no constitutional obligation to conduct an adequate inquiry to determine that the counsel possess accurate knowledge beyond a reasonable doubt that his client will commit perjury or will testify falsely ??. Also, is this court implying that there is no constitutional duty to hold an inquiry when it has reasons to believe there is a conflict of interest?

The racist trial court in this case had an obligation to make both inquiries because the conflict of interest resulted from trial counsel's criminal racist misconduct in altering documents in petitioner's case files and using this false information to support his knowledge beyond a reasonable doubt that his client (the petitioner) will present a false alibi defense when he take the stand to testify.

Attached to the State's Answer is a copy of the Delaware District Court's decision in Shockley v. Kearney, 1996 WL 431093. Shockley is the lead case in the Delaware State Courts on this issue and what inquiry is required. Thus, in note 2 on page 3 of Shockley

3

this Court cited Rule 3.3 (d) of the Delaware Lawyer's Rules of Professional Conduct which states:

> In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

(Rule 33 (d) ).

It is apparent from the transcripts from the March 19, 2003, Hearing To Determine Representation in the trial court, (contained in Appendix "A" of the petitioner's and Appendix "B" of the Respondent's filed in the Delaware Supreme Court which were both provided to this court as part of the Certified records), that petitioner requested such a Rule 3.3 (d) ex parte hearing but stand-by trial counsel argued against the trial court conducting such a hearing (A 37-38) and the trial court granted counsel's request not to hold an ex parte inquiry. (B-50). Thus, contrary to Rule 33 (d) trial counsel told the trial Judge that he is not the appropriate individual who should conduct the in camera inspection of the evidence regarding the conflict of interest. ( A-34 to 38).

Wherefore this court need not delay issuing a final decision until the State provide this court with a copy of the March 19, 2003 transcript of Hearing To Determine Representation because the relevant portion of those transcripts are provided in the State Supreme Court Appendix(s) of the parties as cited above herein. This court shall therefore grant

4

a copy of this document to Respondents Attorney, Thomas
E. Brown, Deputy Attorney General, Department of Justice
820 North French Street, Wilmington, Delaware 19801 ;
And service was issued on the date above.

Date: 4 / 4 / 06                    _James W. Riley_

5



UNITED STATES POSTAGE
$ 00.39°
PITNEY BOWES
02 1A
0004608975
APR 06 2006
MAILED FROM ZIP CODE 19977

I/M James Riley
SBI# 169916 UNIT MHU Bldg. 21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

OFFice OF The Clerk
U.S. District Court
844 King Street
Wilmington, Delaware
19801

19801+3513