IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES W. RILEY, *Pro Se* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1435 (GMS) |
| | ) | |
| | ) | |
| THOMAS CARROLL, Warden, and | ) | |
| CARL C. DANBERG, Attorney General | ) | |
| of the State of Delaware, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

WHEREAS, on November 9, 2004, James W. Riley ("Riley"), who is presently incarcerated at the Delaware Correctional Center (the "DCC"), filed a *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against Thomas Carroll ("Carroll"), and the State of Delaware Attorney General of the State of Delaware (collectively, the "defendants");

WHEREAS, on April 7, 2005, Riley filed a letter with the court seeking appointment of counsel (D.I. 10).

WHEREAS, on March 29, 2006, the court issued an Order (D.I. 22) denying Riley's motion based on a habeas petitioner having no automatic constitutional or statutory right to representation in a federal habeas proceeding.[1]

WHEREAS, on April 7, 2006, Riley filed a Motion for Reconsideration (D.I. 25), asking the court to reconsider its March 29, 2006 Order;

---

[1] *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *United States v. Roberson*, 194 F. 3d 408, 415 n.5 (3d Cir. 1999); *Reese v. Fulcomer*, F. 2d 247, 263 (3d Cir. 1991).

WHEREAS, a motion for reconsideration should be granted only "sparingly"[2];

WHEREAS, in this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension[3]; and

WHEREAS, the court concludes that none of the three above-cited conditions exist in the present case;

IT IS HEREBY ORDERED that:

The plaintiff's Motion for Reconsideration (D.I. 25) is DENIED.


Dated: January 23, 2007                     /s/ Gregory M. Sleet
                                            UNITED STATES DISTRICT JUDGE

---

[2] *Tristrata Tech. Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004); *Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991).

[3] *See, e.g.*, *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (citing *Above the Belt, Inc. v. Mel Bonhannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983); *see also Karr*, 768 F. Supp. at 1090 (citing same).