In The United States District Court
For The District of Delaware

James W. Riley,
    Petitioner,
  v.
Thomas Carroll, et al.,
    Respondents

C.A. No. 04-1435-GMS

Motion To Alter The Judgment Rendered In The District Court's Memorandum Opinion Dated June 19, 2007 Denying Habeas Relief



FILED
JUN 28 2007
RGS
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Now come petitioner James W. Riley who re-argue in this motion To Alter the Judgment rendered by the District Court in its June 19, 2007 Memorandum Opinion denying habeas corpus relief. See Local Rule 7.1.5 and F.R.C.P. 59(e). A motion under Rule 59(e) should be granted to correct a clear error of law or prevent manifest injustice. Mobil Oil Corp. v. Amoco Chems, Corp., 915 F.Supp. 1333, 1397 (D.Del. 1995)

The Court's Dismissal of Mr. Riley's
Conflict Of Interest Claims Were
A Clear Error of law

The District Court ruling that an ex parte

1

hearing is not required whenever a Trial Counsel accuse his client of perjury and will testify falsely is contrary to all Federal and State court law on this issue. See Chief Judge Sue L. Robinson's Ruling in Shockley v. Keaney, 1996 WL 431093 (D.Del.) at page 3, 8 and 9 where this Court stated that "[I]n Strickland, the Supreme Court cited the Model Rules of Profession Conduct, on which the Delaware Rules are based, and discussed the usefulness of "prevailing norms of practic" as reflected in American Bar Association Standards and the like as guides ... for determining whether an attorney's assistance was objectively reasonable. Id. at pg. 9. The Delaware Lawyer's Rules of Professional Conduct, Rule 3.3 (d) states: "in an ex parte proceeding, a lawyer shall inform the tribunal of all material fact known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse. Id. at pg. 3 FN 2. Thus, in such ex parte hearing the Delaware Courts have adopted the "prevailing norms of practice", that an attorney must present evidence "beyond a reasonable doubt" that his client intended to commit perjury." Id. at pg. 9

Since Riley's Trial Counsel was making perjury accusations against him then it was counsel's

duty under Rule 3.3 (d) to inform the trial Court in ex parte of the factual circumstances supporting counsel's belief that Riley planned to testify falsely.

However, when Riley requested such an ex parte hearing be conducted by the trial court his trial counsel argued against it. Based upon trial counsel's improper arguments which were accepted by the trial court, no ex parte hearing was held to review the evidence supporting trial counsel erroneous belief that Riley intended to commit perjury.

No Delaware State or Federal Court ever examined the evidence supporting Trial counsel's perjury allegations against Riley which consist of claims that Riley made several confessions to committing these crimes during interviews with Three (3) of his postconviction counsels in 1991 & 1992 and during interviews with psychiatrist in 1987.

Petitioner Riley contend that he never confessed to committing these crimes and there has been no Rule 3.3 (d) review of the evidence of any alleged incriminating confessions made by Riley in 1991, 1992 and 1987. However Riley contend that such incriminating accusations themselves are false and the action he took in invoking his 6th Amendment right to self representation was justified to protect

3

his 6th Amendment right to impartial jury selection and 8th Amendment right to adequate sentencing where the death penalty was a possible sentence that could have been recommended by the jury. In taking this course of action, Riley was forced to give up his other 6th Amendments rights to put on an alibi defense and to testify in his own defense. Thus, trial counsel's accusations of client perjury is itself proof that counsel threaten to withdraw as counsel or will not represent Riley at all stages of the trial proceedings, or else why would counsel bother to make such accusations?

    This Court also discern itself with the allege strength of the prosecution's evidence against Riley, (although the jury acquitted him of first degree intentional murder and conspiracy), which is contrary to the leading conflict of interest case of Holloway v. Arkansas, 435 U.S. 475, 489 (1998) citing Tumey v. Ohio, 273 U.S 510 (1927) that "[a] conviction must be reversed if [the asserted trial error occurred], even if no particular prejudice is shown and even if the defendant was clearly guilty."

    Therefore this court's conclusion of law that Riley trial counsel's perjury accusations did not result in an actual conflict of interest is totally contrary to well established Delaware law, federal case law and Rule 3.3(d) of the Delaware Lawyer's

4

Opinion dated June 19, 2007, and issue a writ of habeas corpus vacating Petitioner's convictions and sentences and remand this case back to the Delaware State Courts for a new trial.

Alternatively, Petitioner respectfully requests

5

Johnson, 555 F.2d 115 (3d Cir. 1986) in which Shockley cited to and Rule 3.3(d) of the Delaware Lawyer's Rules of Professional Conduct for ex parte proceedings. See Shockley v. Kearney, 1996 WL 431093 pg 9 (D. Del.) affirming Delaware Supreme Court's 6th Amendment inquiry.

6

I/M James Riley
SBI# 169716 UNIT MHU, Bldg-22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of The Clerk
U.S District Court
844 King Street
Wilmington, Delaware
19801