IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, | : |
| Petitioner, | : |
| v. | : Civ. A. No. 04-1435-CFC |
| THOMAS CARROLL, Warden, et. al., | : |
| Respondents. | : |

**MEMORANDUM**

I. **INTRODUCTION**

Following his retrial in 2003, a Delaware Superior Court jury convicted Petitioner James W. Riley ("Petitioner") of first degree (felony) murder, first degree robbery, and possession of a deadly weapon during the commission of a felony, but acquitted him of intentional murder and a related conspiracy charge. *See Riley v. State*, 867 A.2d 902 (Table), 2004 WL 2850093 (Del. Oct. 20, 2004). He was sentenced to life imprisonment on the murder conviction and to a total of 25 years incarceration at Level V on the remaining two convictions. *Id.* at *1. The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Riley*, 2004 WL 2850093, at *4.

Thereafter, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which the Honorable Gregory M. Sleet denied in 2007. (D.I. 27) Petitioner filed a Motion to Alter Judgment, which was denied. (D.I. 28; D.I. 33) Petitioner appealed, and the Third Circuit denied his certificate of appealability. (D.I.

29; D.I. 37; D.I. 39)

In 2014, Petitioner filed in the Court of Appeals for the Third Circuit an application for leave to file a second or successive petition pursuant to 28 U.S.C. 2244. *See In re: James William Riley*, C.A. No. 14-3776, Application (3d Cir. Sept. 4, 2014). The Third Circuit denied the request on October 10, 2014. *See Riley*, C.A. No. 14-3776, Order (3d Cir. Oct. 10, 2014).

Presently pending before the Court is Petitioner's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure Rule 60(b)(3) and (6) ("Rule 60(b) Motion"), asking the Court to re-open his habeas proceeding. (D.I. 43) Petitioner also filed a Letter Motion to Appoint Counsel/Request for Adjudication of Rule 60(b) Motion. (D.I. 46)

## II. STANDARD OF REVIEW

A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*,

2

735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas petiion, the court must first determine if the Rule 60(b) motion constitutes a second or successive petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III. DISCUSSION

In his Petition, Petitioner asserted that his two defense attorneys created, and

3

were operating under, an actual conflict of interest during his re-trial because they did not have an adequate reason for believing that his proposed alibi defense was perjurious. (D.I. 27 at 6 ) The two attorneys believed Petitioner's proposed alibi was false because it was inconsistent with notes from Petitioner's former counsel outlining Petitioner's admission that he participated in the robbery and subsequent murder. (D.I. 27 at 18) After thoroughly reviewing the record, Judge Sleet denied the conflict of interest/ineffective assistance of counsel claims for failing to satisfy § 2254(d).

In the instant Rule 60(b) Motion, Petitioner cites *McCoy v. Louisiana*, ___ U.S. ___, 138 S.Ct. 1500 (2018) and asks the Court to re-open his habeas proceeding "for the limited purpose" of clarifying that the record does not contain any incriminating statement or confession made by Petitioner about having committed capital murder. (D.I. 43 at 1-2) He asks the Court to strike all prior references to his confession from the record, and also asks the Court to direct all state and federal courts to refrain from "using, mentioning, or otherwise relying on such false evidence against Petitioner." (D.I. 43 at 2) Petitioner has included a motion he recently filed in the Delaware Superior Court asking that court to reconsider its denial of the ineffective assistance of counsel claim he presented in his second Rule 61 motion because the record is devoid of any support for defense counsels' statement that Petitioner confessed to committing capital murder. (D.I. 43 at 3-5) He wants any reference to his allegedly non-existent confession be stricken from this Court's record "in order to protect the integrity of [the] proceedings [in the Delaware Superior Court]." (D.I. 43 at 2)

As an initial matter, the Court finds that the instant Motion is not a "true" Rule 60(b) motion because it does not attack the manner in which his original habeas

4

Petition was decided. Although Petitioner creatively argues that the fraudulent assertion regarding his confession should be stricken from the record under the "new rule" established in *McCoy v. Louisiana*, ___ U.S. ___, 138 S.Ct. 1500 (2018), Petitioner is actually challenging his underlying 2003 conviction. Aside from the cite to the newly decided *McCoy* decision, Petitioner essentially presented the instant argument in the "conflict of interest" claim asserted in his original habeas Petition. Since the prior Petition was adjudicated on the merits, and both the original Petition and the instant Rule 60(b) Motion challenge the same 2003 conviction, the Court concludes that the Rule 60(b) Motion constitutes a second or successive habeas petition for the purposes of § 2244.

The record reveals that Petitioner did not obtain authorization from the Third Circuit Court of Appeals to file the instant successive habeas request. *See* 28 U.S.C. §§ 2244(b)(2)(B) & (3). Consequently, the Court lacks jurisdiction to consider Petitioner's unauthorized second or successive habeas Motion/Petition. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139.

The remaining question is whether the Court should dismiss the instant second or successive habeas request for lack of jurisdiction, or transfer it to the Third Circuit for it to determine whether or not to authorized its filing. In 2014, Petitioner requested authorization from the Third Circuit to file a second or successive habeas application. *See Riley*, C.A. No. 14-3776, Application. Although Petitioner did not cite the not-yet-decided *McCoy* case in that application, his request for authorization was premised on an argument identical to one raised here regarding defense counsel's allegedly false

allegation that Petitioner confessed to committing capital murder. See Riley, C.A. No. 14-3776, Application at 2, 15-17. The Third Circuit denied Petitioner's application to file a second or successive habeas petition because he did not demonstrate that his request rested on: (1) a new rule of constitutional law made retroactive to cases on collateral review; or (2) a factual predicate that would be sufficient to established by clear and convincing evidence that no reasonable factfinder would have found him guilty. See Riley, C.A. No. 14-3776, Order (3d Cir. Oct. 10, 2014). Since the Third Circuit has already denied Petitioner's request to file a second or successive habeas petition raising the same argument presented here, and the Supreme Court has not made the McCoy rule retroactively applicable to cases on collateral review, the Court concludes that it would not be in the interest of justice to transfer this case to the Court of Appeals for the Third Circuit. In addition, nothing in the instant filing comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the instant unauthorized second or successive habeas Motion/Petition for lack of jurisdiction.

Finally, given its decision to dismiss the instant Motion/Petition for lack of jurisdiction, the Court will dismiss as moot Petitioner's Letter Motion to Appoint Counsel/Request for Adjudication of Rule 60(b) Motion.

## IV. CONCLUSION

For the reasons set forth above, the Court construes Petitioner's Rule 60(b) Motion to be an unauthorized second or successive habeas Motion/Petition. Consequently, the Court will summarily dismiss the Motion/Petition for lack of

jurisdiction. The Court will also dismiss as moot Petitioner's Letter Motion to Appoint Counsel/Request for Adjudication of Rule 60(b) Motion. Finally, the Court will decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

December 19, 2018
DATE

UNITED STATES DISTRICT JUDGE