IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES W. RILEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 04-1435-CFC |
| | ) |
| ROBERT MAY, Warden | ) |
| and ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents.[1] | ) |

## MEMORANDUM

I.   INTRODUCTION

In 1982, a Delaware Superior Court jury convicted Petitioner James W. Riley ("Petitioner") of murdering a liquor store owner during the course of a robbery. *See Riley v. State*, 867 A.2d 902 (Table), 2004 WL 2850093, at *1 (Del. Oct. 20, 2004). In 2001, the Court of Appeals for the Third Circuit reversed Petitioner's convictions and ordered a new trial. *See id.* Following his retrial in 2003, a Delaware Superior Court jury convicted Petitioner of first degree (felony) murder, first degree robbery, and possession of a deadly weapon during the commission of a felony. *See id.* The Delaware Superior Court sentenced Petitioner to life imprisonment for the murder conviction and to a total of 25 years at Level V on the remaining two convictions. *See*

---

[1]Warden Robert May has replaced former Warden Thomas Carroll, an original party to the case. *See* Fed. R. Civ. P. 25(d).

*id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See id.* at *4.

In November 2004, Petitioner filed in this Court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions on retrial, which the Honorable Gregory M. Sleet denied as meritless on June 19, 2007. (D.I. 27) Petitioner filed a Motion to Alter Judgment, which Judge Sleet denied. (D.I. 28; D.I. 33) Thereafter, Petitioner appealed the denial of his Petition and requested a certificate of appealability. (D.I. 29; D.I. 37; D.I. 38) The Third Circuit declined to grant a certificate of appealability, explaining "jurists of reason would not debate whether the District Court properly determined that the claims raised in [Petitioner's] 28 U.S.C. § 2254 habeas petition lack merit." (D.I. 39)

In 2014, Petitioner filed in the Court of Appeals for the Third Circuit an application for leave to file a second or successive petition pursuant to 28 U.S.C. § 2244. *See In re: James William Riley*, C.A. No. 14-3776, Application (3d Cir. Sept. 4, 2014). The Third Circuit denied the request on October 10, 2014. *See Riley*, C.A. No. 14-3776, Order (3d Cir. Oct. 10, 2014).

In 2018, Petitioner filed in this Court a Rule 60(b)(3) and (6) Motion ("2018 Rule 60(b) Motion") asking the Court to reopen his habeas proceeding. (D.I. 43) The Court dismissed the 2018 Rule 60(b) Motion for lack of jurisdiction after determining that it was an unauthorized second or successive habeas request. (D.I. 47; D.I. 48) Petitioner appealed that decision, and the Third Circuit denied his application for a certificate of appealability on June 27, 2019, explaining "[r]easonable jurists would not find it

2

debatable [...] that [Petitioner's] Rule 60(b) motion was in reality an unauthorized second or successive habeas corpus petition, 28 U.S.C. § 2254, over which the District Court lacked jurisdiction." (D.I. 51)

On August 18, 2022, Petitioner filed in the Third Circuit a "Motion under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief under 28 U.S.C. § 2254 or § 2255." (*See In re: James Riley*, C.A. No. 22-2520, at D.I. 1-1 (3d Cir. Aug. 18, 2022)) Petitioner asked the Third Circuit to authorize his filing of a second or successive habeas petition based upon newly discovered evidence of his actual innocence, alleging that the state prosecutors "knowingly used false fingerprint evidence which placed him at the murder/robbery scene" in his original trial in 1982 and his retrial in 2003. (*Id*. at 12) On September 20, 2022, the Third Circuit denied Petitioner's motion to file a second or success habeas petition because he did not make a "prima facie showing that his claim relies on either (1) newly discovered evidence that, 'if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offenses,' or (2) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.'" (D.I. 6 in *In re: James Riley*, C.A. No. 22-2520)

On May 17, 2023, Petitioner filed in this Court a Motion for Leave to File a Rule 60(b) & (d) Motion to Reopen Habeas Petition, (D.I. 52), along with the actual Rule 60(b)(6) & (d)(1),(3) Motion to Reopen his habeas petition (D.I. 52-1) (hereinafter

3

collectively referred to as "Motion to Reopen"). In the Motion to Reopen, Petitioner asserts that he has newly discovered evidence that the Delaware Attorney General's Office committed fraud by concealing evidence about the fraudulent origins and nature of the fingerprint evidence admitted during his 1982 trial and 2003 retrial. (D.I. 52-1 at 2-3) On May 30, 2023, Petitioner filed a "Motion to Stay Proceedings" pending an investigation by the United States Justice Department into the alleged concealed evidence. (D.I. 53) On July 21, 2023, Petitioner filed a "Motion for Summary Judgment and Preliminary Injunction" to release him from his unconstitutional confinement until the disposition of the pending Motion to Reopen. (D.I. 54)

## II.  STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure Rule 60(b)(6)

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b)(6) motion seeking relief for "any other reason" must be filed within a "reasonable time," which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See*

4

*Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). As a general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See, e.g., Pioneer Inv. Services Co. v. Brunswick Ass'n. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (stating "a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)."); *see also Mitchell v. Fuentes*, 761 F. App'x 109, 111 (3d Cir. 2019) (stating "[w]hile the one-year limit does not explicitly apply to Rule 60(b)(6) motions, a movant under Rule 60(b)(6) must show 'extraordinary circumstances ' justifying the reopening of a final judgment."); *Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir.1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time); *Fattah v. United States*, 2020 WL 42759, at *2 (E.D.PA. Jan. 2, 2020) (stating "a motion filed under Rule 60(b)(6) more than one year after final judgment is generally considered untimely unless exceptional circumstances justify the delay.").

A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). When considering a Rule 60(b)(6) motion, a court must use a "flexible, multifactor approach ... that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a motion, however, is warranted only in the "extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur." *Id*. at 120. The Third Circuit has held

5

that "a proper demonstration of actual innocence by [the petitioner] should permit Rule 60(b)(6) relief unless the totality of equitable circumstances ultimately weighs heavily in the other direction." *Satterfield v. Dist. Att'y Philadelphia*, 872 F.3d 152, 163 (3d Cir. 2017). *Accord Howell v. Sup't Albion SCI*, 978 F.3d 54, 59 (3d Cir. 2020) (same).

### B. Federal Rule of Civil Procedure 60(d)(1) and (3)

Motions alleging fraud upon the court under Federal Rule of Civil Procedure 60(d)(1) and (3) are not subject to the general one-year time limit prescribed for Rule 60(b) motions. *See Herring. v. United States*, 424 F.3d 384, 389 (3d Cir. 2005). Rule 60(d)(1) provides that a court has the power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). To prevail on a Rule 60(d)(1) motion alleging fraud upon the court, a petitioner must demonstrate: "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law." *In re Machne Israel, Inc.*, 48 F. App'x 859, 863 n.2 (3d Cir. Oct. 4, 2002). Courts have consistently held that an independent action in equity is available "only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *see Fink v. Bishop*, 2022 WL 4533855, at *2 (3d Cir. Sept. 28, 2022) (stating "Rule 60(d) permits a court to entertain an independent action to relieve a party from a judgment in order to prevent a grave miscarriage of justice.").

6

Rule 60(d)(3) provides that a court has the power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). The concept of "[f]raud upon the court should ... embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Hobbs v. Pennell*, 2009 WL 1975452, at * 3 (D. Del. Jul. 8, 2009). Relief under Rule 60(d)(3) is available upon a showing of: (1) intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that "in fact deceives the court." *Gillespie v. Janey*, 527 F. App'x 120, 122 (3d Cir. 2013). A party seeking to reopen a case under Rule 60(d)(3) must establish fraud upon the court by clear and convincing evidence. *See Fake v. Pennsylvania*, 830 F. App'x 712, 713 (3d Cir. 2020).

### C. Second or Successive Bar

When, as here, a petitioner files a Rule 60(b) or (d) motion after the denial of his habeas petition, the court must first determine if the Rule 60(b) or (d) motion constitutes a second or successive motion under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). With respect to Rule 60(b) motions, the Third Circuit has explained:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

7

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Although the Third Circuit has not expressly addressed the applicability of the second or successive bar with respect to Rule 60(d) motions, several circuit courts have held that the AEDPA's second or successive rule applies regardless of whether the motion is filed under Rule 60(b) or Rule 60(d). *See Yellowbear v. Hill,* 859 F. App'x 295, 299 (10th Cir. 2021) (explaining "the fact that [the petitioner] presented his Rule 60(b) motion in a pleading styled as an independent action under Rule 60(d)(1), does not change the analysis we use to determine if his pleading is an unauthorized second or successive § 2254 habeas petition."); *Christian v. Thomas*, 982 F.3d 1215, 1221 n. 5 (9th Cir. 2020) ("We analyze whether a filing advances an unauthorized claim under AEDPA using this same standard regardless of whether the original filing is a Rule 60(b) motion or, as here, a Rule 60(d) independent action."); *Johnson v. Davis*, 746 F. App'x 375, 380 (5th Cir. 2018) (explaining that Rule 60(d)(1) motions are affected by AEDPA's second or successive bar); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1277 n.11 (11th Cir. 2004).

Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A). "When a second or successive habeas petition is erroneously filed in the district court, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128,139 (3d Cir. 2002).

## III. DISCUSSION

### A. Second or Successive Petition

Petitioner asks the Court to reopen his habeas proceeding under Rule 60(b)(6), (d)(1), and (3) based on newly discovered evidence of his actual innocence, namely, that the State presented fraudulent fingerprint evidence during both of his state trials and in his original habeas proceeding. Although Petitioner cites to Rule 60 and alleges "newly discovered evidence," the Court concludes that the instant Motion to Reopen is a disguised second or successive habeas petition. *See Lewis v. Att'y Gen. of the U.S.*, 878 F.2d 714, 722 n.20 (3d Cir. 1989) (requiring a *pro se* pleading to be "judged by its substance rather than according to its form or label."). The Motion to Reopen does not attack the integrity of the 2007 decision denying his Petition but, rather, it challenges the same 2003 conviction challenged in his original Petition. Additionally, the so-called newly discovered evidence is not new,[2] it does not establish Petitioner's actual innocence,[3] and Petitioner could have presented the instant argument concerning the fraudulent fingerprint evidence in his original Petition.

---

[2] *See Goldblum v. Klem*, 510 F.3d 204, 226 n.14 (3d Cir. 2007) (explaining evidence is not "new" for purposes of establishing actual innocence "if it was available at trial, but a petitioner merely chose not to present it to the jury."). Here, Petitioner concedes that he "protested at both trials in 1982 and 2003 that police officers had falsified [fingerprint] evidence" (D.I. 52-1 at 10), and he describes the Motion to Reopen as "concern[ing] fingerprint evidence that the petitioner vigorously claim[ed] for over 40 years through capital murder trials that the original prosecution team in 1982 [...] conspired together to manufacture the use of false fingerprint evidence against [Petitioner]" (D.I. 52 at 2).

[3] An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence [] that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Petitioner does not provide new reliable exculpatory, scientific, or physical

The fact that Petitioner previously requested authorization from the Third Circuit to file a second or successive habeas petition asserting the same alleged "newly discovered evidence" of Petitioner's actual innocence supports the Court's conclusion that the instant Motion to Reopen is a second or successive habeas request in disguise. Since the Third Circuit did not authorize the filing of the instant habeas request, the Court lacks jurisdiction to consider the Motion. *See Robinson*, 313 F.3d at 139. In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit because that court already considered and denied Petitioner's request to file a second or successive habeas petition asserting the same arguments presented here. Accordingly, the Court will dismiss the instant Motion to Reopen for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

### B. Relief Not Warranted Under Rule 60(b)(6), (d)(1), or (d)(2)

Alternatively, even if the Court had jurisdiction to consider Petitioner's instant Motion to Reopen, Petitioner has not demonstrated that relief is warranted under Rule 60(b)(6), (d)(1), or (d)(3). To the extent the Motion is filed pursuant to Rule 60(b)(6), it is untimely. Petitioner filed the instant Motion to Reopen on May 17, 2023, almost 16 years after Judge Sleet denied Petitioner's original habeas Petition on June 29, 2007. The Third Circuit has held that a Rule 60(b) motion filed more than two years after final

---

evidence of his actual innocence that was not presented at trial. Instead, he alleges that the admission of the fingerprint evidence violated his confrontation rights and Delaware Rule of Evidence 804 because the "actual F.B.I. fingerprint expert who examined the evidence" did not testify at this trial. (D.I. 52-1 at 11)

10

judgment is not filed within a reasonable time. See Moolenaar, 822 F.2d at 1348. Consequently, the Court finds that Petitioner's 16-year delay in filing does not satisfy Rule 60(b)(6)'s "reasonable time" requirement. Petitioner's argument that his newly discovered evidence of his actual innocence constitutes an extraordinary circumstance does not overcome the time-bar because, as previously explained, the fingerprint evidence is not newly discovered, nor does it establish Petitioner's actual innocence. See supra at Section III.A., notes 2 & 3.

To the extent the Motion is filed pursuant to Rule 60(d)(1), Petitioner has failed to satisfy his burden of showing, inter alia, that he did not create the situation for which he now seeks relief. Given Petitioner's explicit assertion that he "vigorously" argued the fraudulent nature of the fingerprint evidence over a period of 40 years in the Delaware state courts, the Court cannot find that Petitioner lacked an opportunity to raise the instant fraudulent evidence argument in this Court at an earlier time – either in his original Petition or in a Rule 60(b)(1) motion filed within the prescribed one-year time limitation following the denial of his Petition – or that Petitioner was faultless in failing to do so. In addition, Petitioner not demonstrated that failing to reopen his habeas proceeding would constitute a grave miscarriage of justice.

Finally, the Court cannot reopen Petitioner's habeas proceeding under Rule 60(d)(3) because Petitioner has not provided clear and convincing evidence that the State committed fraud upon this Court. Notably, Petitioner's allegations of fraud relate to the integrity of his state court proceedings rather than to the integrity of his habeas proceeding.

### C. Pending Motions

Petitioner has also filed a "Motion to Stay the Proceedings Pending an Investigation by the United States Justice Department" (D.I. 53) and a "Motion for Summary Judgment and Preliminary Injunction" asking that he be released "from his unconstitutional confinement until the outcome of this case" (D.I. 54 at 4). Both Motions rely on the same facts asserted in Petitioner's Motion to Reopen. (D.I. 53 at 1; D.I. 54 at 1) Having determined that Petitioner's Motion to Reopen does not warrant relief, the Court will dismiss as moot Petitioner's Motion to Stay the Proceeding and his Motion for Summary Judgment and Preliminary Injunction.

### IV. CONCLUSION

For these reasons, the Court will dismiss the instant Rule 60(b) and (d) Motion to Reopen for lack of jurisdiction and, alternatively, because Petitioner has not demonstrated that relief is warranted under either sub-section of Rule 60. The Court will also dismiss as moot Petitioner's Motion to Stay and his Motion for Summary Judgment/Preliminary Injunction. In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see *United States v. Eyer*, 113 F.3d 470 (3d Cir.1997); 3d Cir. LAR 22.2 (2011). The Court will issue an Order consistent with this Memorandum.

Dated: January 16, 2024

_____
Colm F. Connolly
Chief Judge