IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES W. RILEY,                          )
                                         )
                Petitioner,              )
                                         )
        v.                               )   C.A. No. 04-1435-CFC
                                         )
BRIAN EMIG, Warden, and                  )
ATTORNEY GENERAL OF THE                  )
STATE OF DELAWARE,                       )
                                         )
                Respondents.             )

## MEMORANDUM ORDER

Pending before the Court is Petitioner James W. Riley's Motion for Permission to File Petitioner's Motion to Reopen Prior Habeas Proceedings (D.I. 73), which the Court grants, thereby putting before the Court Petitioner's Motion to Reopen Prior Habeas Proceedings under Rule 60(b)(4) for Void of Subject-Matter Jurisdiction (D.I. 74).

In his Motion to Reopen, Petitioner alleges that the Delaware Superior Court that convicted and sentenced him did not have subject-matter jurisdiction because his conviction was based on conduct "outside the sweep & purview of the felony murder statute of 11 Del. C. § 636(a)(2)." (D.I. 74 at 1) Rule 60(b)(4) of the Federal Rules of Civil Procedure ("FRCP") permits a court to relieve a party from a final judgment when the judgment is void." FED. R. CIV. P. 60(b)(4).  The substance of Petitioner's argument, however, appears to be that the state court judgment is void

because the state court lacked jurisdiction, not that this Court lacked subject-matter jurisdiction in Petitioner's previously denied federal habeas corpus proceedings.[1] When a Rule 60(b) motion "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," the motion is barred as an unauthorized second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 529-32 (2005); 28 U.S.C. § 2244(b)(3)(A); *see also Taylor v. Comm'r of Pa. Dep't of Corr.*, 150 F.4th 188, 193 (3d Cir. 2025) (recognizing precedent that "a prisoner previously denied federal habeas relief may not use a Rule 60(b) motion to assert a federal constitutional challenge to his state conviction or sentence because such a motion is in substance a second or 'successive habeas petition merely masquerading as a Rule 60(b) motion'") (quoting *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 282 (3d Cir. 2021)). In his Motion to Reopen, Petitioner raises a challenge to his underlying state court judgment and, it appearing that Petitioner has not obtained prior approval from the Court of Appeals as required

---

[1]   In 2004, Petitioner filed in this Court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court judgment in the 2003 retrial of his case originally tried in 1982. (D.I. 2 D.I. 27 at 2-3). On June 19, 2007, the Court denied the claims in that petition as meritless. (D.I. 27)

by statute (28 U.S.C. § 2244(b)(3)(A)),[2] the Motion to Reopen is barred as an unauthorized second or successive habeas petition.[3]

In a conclusory statement at the end of the Motion to Reopen, Petitioner states "[t]he initial jurisdictional error was committed at the first 1982 trial and by law all subsequent proceedings taking [sic] by the courts thereafter (State & Federal) are altra [sic] vires and void under Rule 60(b)(4)." (D.I. 74 at 9) To the extent this can be considered an attack on "the manner in which the earlier habeas judgment was procured and not the underlying conviction," Petitioner's Rule 60(b) motion "may be adjudicated on the merits." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Nevertheless, the Motion to Reopen is barred because it was not brought within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1) (requiring all Rule 60(b)

---

[2]    "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

[3]    This appears to be Petitioner's fourth habeas petition. In addition to the 2004 petition denied as meritless, the Court dismissed Petitioner's 2018 Motion to Reopen Habeas Proceedings under FRCP Rules 60(b)(3) and (6) (D.I. 43) as an unauthorized second or successive habeas request. (D.I. 47; D.I. 48) In 2023, Petitioner filed a Motion to Reopen under FRCP Rules 60(b)(6) and (d)(1) and (3) (D.I. 52-1), which was also dismissed as an unauthorized second or successive habeas petition and alternatively denied as untimely and without merit. (D.I. 61; D.I. 62) In all three instances, the Third Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability. (D.I. 39; D.I. 51; D.I. 72)

motions be filed "within a reasonable time"). Petitioner filed his Motion for Permission to File Petitioner's Motion to Reopen Prior Habeas Proceedings in December 2025, more than 18 years after his original habeas petition was denied in 2007. Petitioner offers no explanation for the delay. Moreover, it is nonsensical for Petitioner, who sought relief by filing a federal habeas corpus action in this Court to now claim that this Court did not have jurisdiction over his habeas proceedings, which are clearly within the scope of this Court's jurisdiction. *See* 28 U.S.C. §§ 2241 and 2254. It makes even less sense for Petitioner to request that the Court reopen proceedings, over which Petitioner now arguably claims the Court did not have jurisdiction to preside, as a means to seek relief.

THEREFORE, at Wilmington on this ___15th___ day of June 2026 and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.      Petitioner's Motion for Permission to File Petitioner's Motion to Reopen Prior Habeas Proceedings (D.I. 73) is **GRANTED**.

2.      Petitioner's Motion to Reopen Prior Habeas Proceedings under Rule 60(b)(4) for Void of Subject-Matter Jurisdiction (D.I. 74) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[4] *See Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

---

[4]      The petition is dismissed without prejudice to Petitioner's right to seek authorization from the Third Circuit Court of Appeals.

3.   Alternatively, to the extent Petitioner's Motion to Reopen Prior Habeas Proceedings under Rule 60(b)(4) for Void of Subject-Matter Jurisdiction (D.I. 74) can be construed to raise an issue within the scope of Rule 60, the Motion to Reopen is **DENIED** as untimely.

4.   To the extent such a determination is required, the Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

_____
Colm F. Connolly
Chief Judge

5